Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7644 | **DATE** | 12/31/2002 |
| **CASE TITLE** | LAWRENCE W. OLSON vs. WEXFORD CLEARING SERVICES CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Respondent's combined motion to dismiss plaintiff's application to vacate arbitration dismissal [5-1] and to confirm panel's award dismissing plaintiff's arbitration claim [5-2] is granted in part. The motion for judgment on the pleadings is granted and the motion to dismiss for failure to state a cause of action is moot. The award dismissing petitioner's arbitration claim against respondent is confirmed. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 0 2 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/31/2002 | |
| | | 02 DEC 31 PM 3:47 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE W. OLSON, individually and as Trustee of the Lawrence W. Olson Charitable Remainder Trust dated 11/01/92,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD CLEARING SERVICES CORPORATION,<br><br>Defendant. | No. 02 C 7644<br><br>Suzanne B. Conlon, Judge |

DOCKETED
JAN 02 2003

## MEMORANDUM OPINION AND ORDER

Lawrence W. Olson ("Olson"), individually and as trustee of the Lawrence W. Olson Charitable Remainder Trust dated 11/01/92, petitions to vacate the dismissal of its arbitration claims against Wexford Clearing Services Corporation ("Wexford") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(3). In response, Wexford moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), claiming Olson's petition is untimely. Alternatively, Wexford moves to dismiss Olson's petition for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). If successful on either motion, Wexford moves to confirm the arbitration award pursuant to the FAA, 9 U.S.C. § 9.

### BACKGROUND

The court applies the same standard in considering a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss for failure to state a cause of action under Rule 12(b)(6). *Forseth v. Village of Sussex*, 199 F.3d 363, 368 n. 6 (7th Cir. 2000). For purposes of both motions,

the court accepts all well-pleaded allegations in the petition as true and draws all reasonable inferences in Olson's favor. *Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chicago Medical School*, 167 F.3d 1170, 1173 (7th Cir. 1999). However, if documents attached to the complaint contradict allegations in the complaint, the documents trump the allegations. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998). Indeed, "[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Id., quoting In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992).

The following facts are taken from Olson's petition except where an attached exhibit contradicts the allegations contained in the petition. On July 29, 1998, Olson filed a statement of claim before the National Association of Dealers, Inc. ("NASD"). Compl. at ¶ 5. As respondents, Olson named R.D. Kushnir & Co., the brokerage firm for Olson's accounts, Richard D. Kushnir, the owner and manager of R.D. Kushnir & Co., Margaret A. Hopkins ("Hopkins"), the officer manager of R.D. Kushnir & Co., and Wexford, the clearing firm carrying Olson's accounts on a fully-disclosed basis for R.D. Kushnir & Co. *Id.* at Ex. 1. Thereafter, Olson amended its statement of claim to dismiss Hopkins and add William Cunningham, a sales manager at R.D. Kushnir & Co., and J.E. Liss & Co., Inc., the brokerage firm that accepted R.D. Kushnir & Co.'s transfer of Olson's accounts. *Id.* at Ex. 3. According to Olson, the arbitration proceeding was effectively terminated as to R.D. Kushnir & Co. after it was placed in receivership and as to Richard Kushnir after he filed for individual bankruptcy. *Id.* at ¶¶ 8 and 24.

Wexford moved to dismiss the amended statement of claim. Compl. at ¶ 9. On February 18, 2001, the arbitration chairman granted Wexford's motion to dismiss. *Id.* at ¶ 18. At a pre-hearing

conference held by telephone on February 21, 2001, Olson moved for reconsideration of the dismissal. *Id.* at ¶ 19. A briefing schedule with an opportunity for oral argument was set. *Id.* After the arbitration chairman withdrew from the panel and a new chairman was appointed, the parties re-briefed Wexford's motion to dismiss. *Id.* at ¶¶ 23, 25, 28 and 29. On April 15, 2002, the arbitration panel heard oral argument on Wexford's motion to dismiss. *Id.* at ¶ 30. By letter dated April 29, 2002, the arbitration panel transmitted its order dismissing Wexford from the arbitration. *Id.* The order provides:

> The Pre-Hearing Conference was convened to hear oral argument on Respondent Wexford's Motion to Dismiss; the motion having been fully briefed; the Panel finds in favor of Respondent Wexford; Wexford is hereby Dismissed from this arbitration.

*Id.* On June 21, 2002, Olson filed a motion for leave to file a second amended statement of claim. *Id.* at ¶ 31. By letter dated July 29, 2002, the arbitration panel denied Olson's motion. *Id.* at ¶ 32. The order provides:

> After careful review of Claimant's Motion for Consent to file Second Amended Statement of Claim and responses, the panel has DENIED the motion.

*Id.*

On October 24, 2002, Olson filed his petition to vacate the arbitration dismissal. In his petition, Olson alleges the arbitration panel denied him the opportunity to offer pertinent and material evidence in support of his claims. *Id.* at ¶¶ 33, 36, 40, 45.

## DISCUSSION

### I. Wexford's Motion for Judgment on the Pleadings

Wexford claims Olson's petition is untimely. The FAA specifically provides:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.

9 U.S.C. § 12. Olson does not dispute he filed his petition more than three months after the arbitration panel delivered its decision to dismiss his claims against Wexford. Rather, Olson claims the decision did not become final until the arbitration panel delivered its decision to deny his motion for leave to file a second amended statement of claim on July 29, 2002. Olson advances four reasons why the dismissal order was not final until that date. The arguments lack merit.

Olson first claims the dismissal order was not final because it was silent as to whether the dismissal was with prejudice and stated "[t]his order shall remain in effect unless amended by the Panel." Response at 3, *citing* Compl. at Ex. 22. An involuntary dismissal is with prejudice unless the order specifies otherwise. *See Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) ("[U]nless the judgment provides otherwise, involuntary dismissal, including a dismissal for failure to state a claim under Rule 12(b)(6), is an adjudication on the merits – in other words, a dismissal with prejudice"). The additional language in the order does not change this result. The possibility of a later amendment to a dismissal order does not affect its finality for purposes of appeal. *See, e.g, Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000)(A Rule 60(b) motion does not toll the time for filing an appeal). *See also Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 250 (7th Cir. 1986)(motion to vacate arbitration award is analogous to an appeal). Contrary to Olson's position, nothing on the face of the dismissal order indicates it was not a final order.

Olson next argues the dismissal order was not final because it did not meet the prerequisites for a final decision in a NASD arbitration. Specifically, Olson claims the dismissal order is not signed by a majority of the arbitrators. Response at 4-5, *citing* NASD Rule 10330 ("All awards shall be in writing and signed by a majority of the arbitrators or in such manner as is required by

applicable law"). Olson's argument champions form over substance. As an initial matter, the order is signed by the arbitration chairperson "on behalf of the Panel." Compl. at Ex. 22. Moreover, "courts go beyond a document's [form] and delve into its substance and impact to determine whether the decision is final." *Publicis Communication v. True North Communications Inc.*, 206 F.3d 725, 729 (7th Cir. 2000). The dismissal order states, "the Panel finds in favor of Respondent Wexford: Wexford is hereby Dismissed from this arbitration." Compl. at Ex. 22. "[I]f the arbitrator himself thinks he's through with the case, then his award is final and appealable." *Smart v. International Brotherhood of Electrical Workers*, Local 702, ___ F.3d ___, 2002 WL 31545466, at *3 (7th Cir. Nov. 15, 2002). The dismissal order unambiguously resolves the arbitration in favor of Wexford. Therefore, the dismissal order is final.

Nevertheless, Olson argues the dismissal order was not final because claims against other parties remained undecided. Response at 5-6, *citing* Fed. R. Civ. P. 54(b). According to Olson, "[t]o make [the dismissal order final] for purposes of the limitations period of Section 12 of the FAA, is to require Olson, or any other party in arbitration confronted with an ambiguous dismissal order, to guess at what is final or not." Response at 6. As an initial matter, the Seventh Circuit has "expressed skepticism about the propriety of engrafting Fed. R. Civ. P. 54(b) onto the arbitration statute..." *Smart*, 2002 WL 31545466, at *3, *citing IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 650 (7th Cir. 2001). Indeed, "some cases deem an arbitral award final if it finally resolves a separate claim, or the liability of a particular party, even if other claims or other parties remain before the arbitrators." *IDS Life*, 266 F.3d at 650, *citing Publicis*, 206 F.3d at 729; *Hart Surgical Inc. v. Ultracision, Inc.*, 244 F.3d 231, 233-34 (1st Cir. 2001).

5

Nevertheless, Olson was not required to guess whether the dismissal order was final for purposes of the limitations period. Under the FAA, the court may vacate an arbitrator's award "where the arbitrators . . . so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Alternatively, the court may send an ambiguous decision back to the arbitrators for clarification. *Publicis*, 206 F.3d at 730. Under the FAA, Olson was required to present any question regarding the dismissal order's finality within the 90 day limitations period. He failed to do so.

Finally, Olson argues the arbitrators' decision to deny, rather than strike, his motion to amend his statement of claim establishes the dismissal order was not final. Olson fails to cite any supporting authority. Indeed, even district judges retain discretion to treat a post-judgment motion for leave to amend as a simultaneous request for relief from judgment. *Camp v. Gregory*, 67 F.3d 1286, 1289-90 (7th Cir. 1995). In any event, Olson's post-award motion did not toll the time for filing a petition to vacate the award. *Dreis & Krump*, 802 F.2d at 250. Therefore, Olson's petition to vacate is untimely.

## III. Wexford's Motion to Confirm Arbitration Award

Under the FAA, the district court must grant a timely motion to confirm an arbitration award unless the award has been vacated, modified or corrected. *International Union of Operating Engineers, Local No. 841 v. Murphy Company*, 82 F.3d 185, 188 (7th Cir. 1996). Wexford's motion was filed within the one year limitation period for confirmation. 9 U.S.C. § 9. Moreover, Olson failed to successfully challenge the arbitration award within the requisite 90 day limitation period. *See Lander Co., Inc. v. MMP Investments, Inc.*, 107 F.3d 476, 478 (7th Cir. 1997)(right to contest

confirmation is forfeited by failing to file motion to vacate within 90 day period). As a result, the arbitration award in favor of Wexford must be confirmed.

## CONCLUSION

Olson's petition to vacate the arbitration dismissal is untimely. Therefore, Wexford's motion for judgment on the pleadings is granted. Wexford's alternative motion to dismiss for failure to state a cause of action is moot. The arbitration award in favor of Wexford is confirmed.

December 31, 2002

ENTER:

Suzanne B. Conlon
United States District Judge